UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IKHAN KIM<br><br>         Plaintiff,<br> v.<br><br>ECO PRO LLC and JOHN S. LEE<br><br>         Defendants, | Index No. 22-cv-7281<br><br><br><br>**COMPLAINT** |

Plaintiff IKHAN KIM (hereinafter referred to as "Plaintiff"), by and through his attorney, Ryan Kim, P.C., hereby brings this complaint against Defendants ECO PRO LLC and JOHN S. LEE, and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff IKHAN KIM, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 et seq., New Jersey Wage and Hour Law (NJWHL), and New Jersey Wage Payment Law ("NJWPL") arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and practices.

2. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA, NJWHL, and NJWPL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorney's fees and cost.

1

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

6. Plaintiff IKHAN KIM started his work at PEL in about October 2012 and ended on November 24, 2022. Mr. Kim is a resident of Somerset County, New Jersey.

## DEFENDANTS

*Corporate Defendant*

7. Pro Eco LLC(hereinafter referred to as "PEL") is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 205 RT. 46 East Budd Lake, NJ 07828.

8. PEL operates 5 dry cleaners as My Sweet Cleaners at 205 US-46, Budd Lake, NJ, My Heart Cleaners at 106 US 206, Chester NJ, My Cleaners at 25 Mountainview Blvd, Basking Ridge NJ, My Love Cleaners at 1976 NJ-57 Hackettstown, NJ and My Heart Cleaners at 1098 Mt. Kemble Avenue Morristown, NJ.

9. PEL is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. PEL provided services in interstate commerce.

*Owner/Operator Defendants*

11. John S. Lee known as Owner to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at PEL.

12. John S. Lee hired Plaintiff.

13. John S. Lee fired Plaintiff.

14. John S. Lee paid Plaintiff.

15. John S. Lee actively managed PEL.

16. John S. Lee reside in the State of New Jersey, Passaic County.

17. John S. Lee acted intentionally and maliciously and are employers pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, and the regulations thereunder, and is jointly and severally liable with PEL.

## STATEMENT OF FACTS

18. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against Plaintiff.

19. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

20. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff his tip that he earned for his workdays.

21. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

22. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

23. Upon information and belief, Defendants failed to keep full and accurate records in order: to mitigate liability for their wage violations.

24. Defendants did not post the required New Jersey State Department of Labor posters regarding minimum wage pay rates, overtime pay, and payday.

*Plaintiff Ikhan Kim*

25. Mr. Kim started his work at PEL on or about October 2012 until November 24, 2022.

26. During his employment, he wash clothes, removing spots, cleaning dry cleaning machines at the stores.

27. During his employment, he worked at My Heart Cleaners on Mondays, Wednesdays and Fridays and at My Sweet Cleaners on Tuesdays, Thursdays and Saturdays. Mr. Kim started his work at 6 a.m. and ended at 4-5 p.m.

28. Plaintiff worked 10 to 11 hours per day and over 60 hours per week during his employment for Defendants.

29. Mr. Kim was paid $1,000 per week during his employment period regardless of the hours he worked in a day or a week.

30. Plaintiff had not been compensated any overtime wage for the hours he worked in access of 40 hours per workweek during his employment period.

31. Throughout his employment, Plaintiff was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each payday.

32. Throughout his employment, Plaintiff was not compensated at least one-and-one-half his hourly wage for all hours worked above forty (40) in each workweek.

## STATEMENT OF CLAIMS

### COUNT I.
### Violation of the Fair Labor Standards Act-Failure to Pay Minimum Wage

33. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

34. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

35. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

36. During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

37. Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from a minimum wage as required under the FLSA.

38. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at the minimum wage rate effective during the applicable workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

40. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II.
### Violations of the Fair Labor Standards Act-Failure to Pay Overtime

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

43. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of his unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 USC § 216(b).

44. Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

45. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff or all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(I) and 215(a).

46. The FLSA and supporting regulations required employers to notify employees of employment law to require employers to notify employment law requirements. 29 C.F.R. § 516.4.

47. Defendants willfully and maliciously failed to notify Plaintiff of the requirements of the employment laws in order to facilitate his exploitation of Plaintiff's labor.

48. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time

and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT III.
### Violation of New Jersey Wage and Hour Law-Failure to Pay Minimum Wage

49. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

50. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

51. Defendants intentionally and willfully failed to pay and refused to pay Plaintiff minimum wages, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.7, the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a).

## COUNT IV.
### Violation of New Jersey Wage and Hour Law-Failure to Pay Overtime

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. An employer who fails to pay their employees' wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to two hundred percent (200%) thereafter under New Jersey Wage and Hour Law, 34:11-56, 58.

54. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff.

55. Defendants' failure to pay Plaintiff his overtime pay violated the NJWHL.

56. Defendants' failure to pay Plaintiff was not in good faith.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA, New Jersey Wage and Hour Law, and New Jersey Wage Payment Law;

b) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid minimum wage and overtime wages due under FLSA and New Jersey Wage and Hour Law due Plaintiff plus compensatory and liquidated damages in the amount of two hundred percent (200%) thereafter under New Jersey Wage Theft Act;

d) An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay overtime compensation pursuant to 29 U.S.C. §216;

e) An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation pursuant to New Jersey Wage and Hour Law;

f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

g) The cost and disbursements of this action;

h) An award of prejudgment and post-judgment fees;

i) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.

Respectfully submitted,

      /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
222 Bruce Reynolds Blvd
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com